JAMES A. DEERING, Appellant *v.* SARAH M. STARR, Respondent.

*Court of Appeals, December 20, 1889.*

Affirming 22 J. & Sp. 554, Mem.

1. *Principal and agent. Authority.*—Where the only authority an agent has, is to complete a purchase, and take the deed in the principal's name, this gives him no power to add anything to the consideration named in the contract, or to attach any new condition to the delivery of the deed.

2. *Same. Evidence.*—The rule that the evidence of a witness, whose interest is adverse to the party calling him, may be credited in part and rejected in part, has no application to a case, where an alleged agent is the only witness on the question of his agency, and, if his evidence that he had no authority to bind the defendant is rejected, there is nothing to support any finding to the contrary.

3. *Same.*—Where the plaintiff seeks to recover upon an agreement made by him with defendant through the latter's alleged agent, the case

must fail unless there is affirmative proof of his authority to act for the defendant.

Appeal from a judgment of the superior court of the city of New York, affirming a judgment entered upon an order dismissing the complaint.

*N. C. Moak*, for appellant.

*Albert Matthews*, for respondent.

BROWN, J.—Some of the evidence offered by the plaintiff and which it is claimed tended to establish the defendant's liability for the debt sued for was on the defendant's motion and against the plaintiff's objection and exception stricken from the case.

This evidence, however, appears in the record before us, so that we are enabled to determine what its effect would have been if it had been submitted to the jury, and as we have reached the conclusion that, assuming the plaintiff to have had the benefit of it a cause of action in his favor against the defendant would not have been proven, it is unnecessary, to discuss the question whether the exception to the exclusion of the evidence was well taken.

Had this testimony been retained in the case it would, with the other evidence, have justified the jury in finding that subsequent to the execution of a contract for the sale of the property between the bank and Charles B. Wood, and at the time of the delivery of the deed to the defendant pursuant to such contract, Wood was informed of the agreement existing between the bank and the plaintiff and that he must assume all the conditions of said agreement and that he promised and agreed to assume them.

Assuming that, the jury would have reached such a conclusion the question would be presented, whether Wood had any authority to bind the defendant by such an agreement, and whether in making it he acted as her agent.

It appeared that the agreement between the bank and the

plaintiff was made in May, 1877, and was in effect that plaintiff should take proceedings to reduce an assessment upon real estate of the bank and should receive as compensation for his services a sum equal to one-fourth of the amount of the reduction in the assessment. An order reducing the assessment was made in December, 1882. On December 11, 1879, the bank entered into a written contract with Wood for the sale to him of the property on which the assessment was an apparent lien for the sum of $40,000, $10,000 to be paid in cash and the balance to be secured by a mortgage upon the property.

This contract is silent as to the agreement between the bank and the plaintiff, and the only mention of the assessment is that the property was to be conveyed " subject to all assessments now or hereafter liens upon said premises."

At Wood's request the deed was on February 16, 1880, made out and executed to the defendant, and the property was conveyed " subject to all assessments now liens upon said premises."

The agreement in relation to the assumption of the contract between the bank and the plaintiff was alleged in the complaint to have been made at the time of the conveyance, and such in substance was the evidence.

In the contract of sale Wood was described as trustee, but he was not a trustee or agent for the defendant in making that agreement. It is not shown that she had any knowledge of the agreement until about the time of the delivery of the deed, and it does not appear that she ever heard of the plaintiff or his contract in reference to the reduction of the assessment. Wood was the only witness called to prove agency. He testified that it was his intention at the time of making the contract to pay the purchase money out of funds in his possession belonging to his wife, but that, after his wife had seen the property, she refused to become the purchaser.

That he called the attention of the defendant to the land,

and she agreed to accept the deed and perform the agreement. She gave him her check for $9,000 to deliver to her attorneys to complete the purchase, and directed him to have the deed made out in her name.

He denied specifically any authority from the defendant to assume for her the agreement between the bank and the plaintiff, and denied the conversation as to that agreement testified to by the plaintiff's witnesses.

If this evidence, was to be believed, the only authority Wood had was to complete the purchase, and take the deed in the defendant's name, and this gave him no power to add anything to the consideration named in the contract, or to attach any new condition to the delivery of the deed. Such acts were not within the scope of his agency.

We are referred by the learned counsel for the appellant to cases holding that the evidence of a witness whose interest is adverse to the party calling him may be credited in part and rejected in part; but such authorities have no application to this case, as Wood was the only witness on the question of agency, and, if his evidence that he had no authority to bind the defendant be rejected, there is nothing to support any finding to the contrary.

The plaintiff sought to recover upon an agreement made by Wood, and unless there is affirmative evidence of his anthority to act for the defendant the case must fail.

We are of the opinion that upon this ground the complaint was properly dismissed, and the judgment should be affirmed, with costs.

All concur.